## Kilgore, et al. v. English, et al.

(Decided May 9, 1911.)

### Appeal from McCracken Circuit Court.

1. Finding of Chancellor—Doubtful Question—Evidence—The chancellor's finding on a doubtful question of fact will not be reversed because he believed in the truthfulness of the testimony for the defendants.

2. Amended Petition—New Cause of Action—There was no abuse of discretion in refusing to allow an amended petition to be filed setting up a new cause of action some months after the original petition was filed.

W. A. BERRY and WHEELER & HUGHES for appellants.

HENDRICK & CORBETT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

This appeal raises only a question of fact. Our rule is not to disturb the chancellor's finding on a doubtful question of fact where the evidence is conflicting, and where his judgment is based on the ground that he believed one witness rather than another. Appellants are creditors of James E. English. Sr. They brought these suits to set aside a deed by which a lot in Paducah was conveyed to Mrs. James E. English, Sr., as trustee of James E. English, Jr., by Mrs. Sophia Nauheim, on the ground that the consideration was paid by James E. English, Sr., and that he had had the deed made in this way to defraud appellants as his creditors. The defend-

ant showed that Mrs. English inherited from her mother an estate worth about $12,000; that she sold half of this, and her husband spent the money. When she sold the other half, the check was made payable to her. She endorsed the check and gave it to her husband, telling him to put $5,000 in bank in his name as trustee for their son, Jimmie, who was then about a month old, and to bring her the remainder. He brought her the remainder of the check, but used the rest of it in his business. He testified, however, that though he had used this money he had $5,000 in another bank which he had placed to the credit of himself as trustee for his son as his wife directed, but two years afterwards being embarrassed he wrongfully drew the money out and used it. His wife, learning of this, asked him to pay her the money back, and he began doing so in sums of from $100 to $200 as he could spare the money. She put these sums in a box which she had at a trust company and so kept the money until the sum of $3,000 was accumulated, and out of this $2,000 was used to pay for the lot in question. The chancellor evidently believed these witnesses and we are not willing to disturb his judgment on the question of credibility. The husband certainly owed his wife the $5,000, and if he had not paid her anything until the lot was bought, and he then paid her $2,000 which was paid on the lot, she was a creditor no less than appellants, and while the payment to her might be set aside as a preference it was not void as a fraud on creditors.

During the progress of the actions appellants tendered an amended petition attacking the payment as a preference under the act of 1856, but more than six months had then elapsed after the transactions were had, and the court did not abuse a sound discretion in refusing to allow the amended petition filed.

Judgment affirmed.